UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-105

| | |
|---|---|
| DAY'LE LATHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNC-FAYETTEVILLE STATE ) | |
| UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

By order filed 3 October 2007, the court directed plaintiff to obtain summonses and effect service upon defendants and to file proof of service with the court by 23 October 2007. The court noted that "plaintiff is responsible for the completion of a summons by *submitting it to the clerk* for processing[.]" 10/3/07 Order at 1 (emphasis added). On 1 November 2007, plaintiff filed summonses indicating that she "served" defendants on 30 October 2007. However, the summonses were not signed by the clerk, nor did they bear the court's seal as required by Fed. R. Civ. P. 4. On 20 December 2007, plaintiff filed a "motion for judgment by default[.]"

> The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required to appear and attend, are essential elements of the court's personal jurisdiction over the defendant. A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment that the court might render against the person.
> In the instant case, the plaintiff never requested the Clerk to issue a summons nor did he. The Clerk neither signed it nor affixed the seal of the Court as required by Rule 4. The plaintiff . . . prepared the summons in this action and took a copy of the summons supplied by the Clerk of this court and filled in the name and address . . . for each defendant. She then . . . file[d] the proofs of service.
> ****
> The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons. A district court must not only have

subject matter jurisdiction over the litigation before it, but also personal jurisdiction over the defendants. A court may not go through the sterile exercise of acting in a vacuum to adjudicate a legal dispute. It must have parties as well as an actual controversy. In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction. Notice of a claim is not sufficient.

Ayres v. Jacobs & Crumplar, P.A. 99 F.3d 565, 568-69 (3d Cir. 1996); see also Thompson v. Target Stores, 501 F. Supp. 2d 601, 603 (D. Del. 2007) (dismissing *pro se* employment discrimination suit for failure to properly serve defendant; noting that "defendant's receipt of a summons that lacked the required signature and seal was not the only insufficiency with plaintiff's service of process" and defendant's motion to dismiss gave the "plaintiff had the opportunity to rectify his mistake and perfect service upon defendant").

Pursuant to Fed. R. Civ. P. 4(m), this action is DISMISSED WITHOUT PREJUDICE. Plaintiff's 20 December 2007 motion is DENIED as moot.

This 2 January 2008.

                          W. Earl Britt
                          Senior U.S. District Judge

dl/fsu/tec

2